Mr. Chief Justice Sharkey
delivered the opinion of the court.
This case comes up by appeal from the probate court of Wilkinson county. A bill of review was filed in that court, under the act of 1846, to open an administration account, under the following circumstances: John Netterville, in his lifetime, was guardian of the ward of appellant, but failed to return any inventory, or to make any settlement, and was largely indebted to his ward when he died, as it is alleged.
Davidson, the administrator on Netterville’s estate, reported it insolvent, and thereupon commissioners of insolvency were appointed, to receive and audit claims against the estate, who *357 ■were directed to keep open the commission six months, and to give notice of the times and places of meeting, in the manner prescribed in the order appointing them. This order was made on the 14th of December, 1843, and on the 13th of June, 1844, the commissioners made their report, -which was approved and confirmed by the court; the order of confirmation recites that notice had been given in the Woodville Republican, and also by posting up notices at three of the most public places in the county.
The claim of the ward against the estate of his former guardian was not presented, and of course no allowance was made in his favor, and the object of the bill of review is to have this order vacated, so that he may have an opportunity of presenting his claim.
It is certainly true, as contended, that the statute of 1846 gives great latitude in reviewing the orders and decrees of the probate courts ; but in this instance we are met at the threshold by a preliminary question which cuts off all inquiry into the merits of this application. This judgment of the court cannot be reached under this statute. Previous to the passage of the act, the judgments and decrees of the probate courts, on matters within their jurisdiction, were invariably regarded as final and conclusive, subject to be reversed only by appeal or writ of error. Collaterally they could not be impeached; nor could they be opened by bill of review. We have repeatedly decided on the conclusive character of these judgments, and also that the probate courts could not entertain jurisdiction of bills of review. This judgment, confirming and adopting the report of the commissioners, was rendered in June, 1844, and the foregoing remarks show its character. It was liable to be reversed by appeal, or writ of error, for matters apparent on the record, or for irregularities on the part of the commissioners, made to appear by exceptions to the report. But no such remedy was adopted. It was permitted to stand, with all the attributes of a final judgment on a matter within the jurisdiction of the court that rendered it. The parties interested in it, had acquired rights under it. It was a bar to claims not therein allowed. *358 It derived its force and character from the laws of the land, in existence when it was rendered. Had the legislature power to change its character; to take from it its dignity, and impair the rights which it secured? We have decided at the present term that the act of 1846 could not so operate. The legislature cannot open or reverse a judgment rendered according to existing laws. This is judicial power. And if they could authorize this to be done by bill of review, they could prescribe any other mode, and thus strip judgments of their solemnity. We cannot think that the legislature intended to give this act a retrospective operation. It was designed to change the law on that subject in cases thereafter to arise, and so far it can operate, and establishes a statutory rule. Nothing short of a direct declaration to that effect would justify the supposition that a retrospective operation was intended to be given to the law.
On this view of the case the remedy is not the proper one, and the demurrer to the bill was properly sustained.
Judgment affirmed.